UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BAKER HUGHES SAUDI ARABIA CO. LTD.<br><br>VERSUS<br><br>DYNAMIC INDUSTRIES, INC., DYNAMIC INDUSTRIES INTERNATIONAL, L.L.C., and DYNAMIC INDUSTRIES INTERNATIONAL HOLDINGS, INC. | CIVIL ACTION NO. 2:23-cv-1396<br><br>SECTION: T; DIVISION: 4<br><br>JUDGE: GUIDRY<br><br>MAGISTRATE: ROBY |

## ORDER AND REASONS

The Court has before it Defendants Dynamic Industries, Inc., Dynamic Industries International, LLC, and Dynamic Industries International Holdings, Inc.'s (collectively "Defendants") Motion to Dismiss for *Forum Non Conveniens* or to Compel Arbitration, R. Doc. 8. Plaintiff Baker Hughes Saudi Arabia Company Ltd. opposes Defendants' motion, R. Doc. 11, and both Defendants and Plaintiff have submitted reply memoranda, R. Docs. 15; 18. Having considered the parties' briefing and the applicable law and facts, the Court will DENY Defendants' motion.

**I.    BACKGROUND**

This case arises from a contractual dispute between Plaintiff and Defendants.[1] Plaintiff contracted with Defendants to supply materials, products, and services for an oil and gas project

---

[1] The challenged contract is facially between Plaintiff and Dynamic Industries Saudi Arabia, Ltd. (DISA). However, Plaintiff asserts that DISA "is merely a shell company and alter ego of" the Defendants named in this suit. R. Doc.

1

being performed by Defendants in Saudi Arabia (the "Contract"). R. Doc. 1-1 at 3. Plaintiff subsequently filed this suit, asserting it has fully performed its obligations under the Contract, but Defendants have failed to pay $1.355 million owed to Plaintiff for those services. R. Doc. 1-1 at 4. Defendants now move this Court to dismiss Plaintiff's claims against them on the ground of *forum non conveniens* or, in the alternative, to compel Plaintiff to arbitrate its claims. R. Doc. 8.

II.   LAW AND ANALYSIS

A motion to dismiss for *forum non conveniens* is "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W.D. Tex.*, 571 U.S. 49, 60 (2013). Additionally, "a valid forum-selection clause controls the *forum non conveniens* inquiry 'in all but the most unusual cases.'" *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 300 (5th Cir. 2016) (citing *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63 (2013)). Here, Defendants assert the Contract requires any dispute between the parties, if not otherwise resolved, to be "referred by either Party to and finally resolved by arbitration under the Arbitration Rules of the DIFC LCIA." R. Doc. 8 at 7 (quoting R. Doc. 8-2 at 94).[2]

---

1-1 at 3. Because Defendants do not challenge this assertion in the motion presently before the Court, for the purpose of this Order the Court will assume that Defendants collectively entered into the challenged contract with Plaintiff.

[2] The Contract states, in relevant part:

> Provided that CONTRACTOR has not elected to pursue resolution of a SUBCONTRACTOR Claim or Other Claim under Paragraph 20.4 of this Subcontract by arbitration in Saudi Arabia in accordance with Attachment I to this Schedule "E", any Other Claim arising out of or relating to this Subcontract or any other agreements arising out of or relating to it, including but not limited to any question regarding its existence, formation, performance, interpretation, validity or termination, and which is not settled by agreement or otherwise fully and finally resolved between the Parties pursuant to Paragraph 20 of Schedule "A" hereof, shall be referred to mediation in accordance with the Mediation Rules of the Dubai International Financial Center ("DIFC") London Court of International Arbitration ("LCIA") (the "Mediation Rules") from time to time in force, which Rules are deemed to be incorporated by reference herein. Subject to any scheduling restrictions of the DIFC LCIA which make it impossible to conduct mediation proceedings within such time period, if the dispute is not settled by mediation within thirty (30) days of the commencement of the

The Dubai International Financial Center London Court of International Arbitration ("DIFC LCIA") was an arbitration center located in Dubai that applied international rules for arbitration based on those used in the London Court of Arbitration. *See* R. Doc. 11-2 at 10. However, in 2021, the government of Dubai issued a decree abolishing the DIFC LCIA and replacing it with the Dubai International Arbitration Center ("DIAC"). Plaintiff thus argues that the Contract's arbitration provision is unenforceable because the selected forum, the DIFC LCIA, no longer exists. R. Doc. 11 at 7–12.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*., makes written arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Based on this provision, the United States Supreme Court has interpreted the FAA as reflecting a "liberal federal policy favoring arbitration[.]" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). However, the Supreme Court has also explained that this provision reflects the "fundamental principle that arbitration is a *matter of contract*." *Id.* (quoting *Rent–A–Center, West, Inc. v. Jackson,* 561 U.S. 63, 67 (2010)) (emphasis added). Thus, the "FAA's central purpose is to ensure that 'private agreements to arbitrate are enforced *according to their terms*.'" *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 664 (2010) (quoting *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989))

---

mediation, or such further period as the Parties shall agree in writing, **the dispute shall be referred by either Party to and finally resolved by arbitration under the Arbitration Rules of the DIFC LCIA (the "Rules") from time to time in force, which Rules are deemed to be incorporated by reference herein (save for Article 5.6 which is hereby expressly excluded). The Seat, or legal place, of the arbitration shall be the DIFC, Dubai, United Arab Emirates.** The arbitration shall be conducted in the English language.

*See* R. Doc. 8-2 at 94 (emphasis added). No party argues with reference to this motion that any of the other listed methods of resolution apply here. Thus, the Court will assume for the purposes of this Order that the preconditions to arbitration laid out in this clause have been satisfied.

3

(emphasis added). As a result, the "first principle that underscores all of [the Supreme Court's] arbitration decisions is that arbitration is strictly a matter of *consent*." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415 (2019) (citing *Granite Rock Co. v. Teamsters*, 561 U.S. 287, 299 (2010)) (emphasis added and alternation and internal quotations removed).

Based upon these Supreme Court precedents, the United States Court of Appeals for the Fifth Circuit has held that it cannot compel arbitration when the agreed upon arbitration tribunal is unavailable or no longer exists. For example, in *Nat'l Iranian Oil Co. v. Ashland Oil, Inc.*, a dispute arose between the parties under a contract that required any such disputes to be arbitrated in Iran. 817 F.2d 326 (5th Cir. 1987). The defendant refused to participate in arbitration in Iran due to the dangerous conditions in that country. *Id.* at 328. Thus, the plaintiff moved the court to compel the defendant to arbitrate in Mississippi instead. *Id.* The Fifth Circuit affirmed the district court's denial of that motion, explaining that "[b]ecause arbitration is a creature of contract, we cannot rewrite the agreement of the parties and order the proceeding to be held in Mississippi." *Id.* at 334. Notwithstanding the "strong, congressionally ordained presumption in favor of arbitrability[,]" *id.* at 335, "the duty to submit a dispute to arbitration arises from contracts, therefore a party cannot be compelled to arbitrate a dispute if he has not agreed to do so." *Id.* (quoting *Lodge No. 2504 v. Intercontinental Mfg. Co., Inc.*, 812 F.2d 219, 221 (5th Cir. 1987)). Thus, because in that case "one [could ]not reasonably argue that the parties' contract contemplates arbitration in Mississippi[,]" the court held that it could not rewrite the parties' contract and compel the defendant to arbitrate in a forum to which he had not contractually agreed.

Similarly, in *Ranzy v. Tijerina*, 393 Fed. App'x 174 (5th Cir. 2010), the Fifth Circuit considered an arbitration clause that required the parties to arbitrate all disputes before the National Arbitration Forum ("NAF"). However, by the time the dispute between the parties arose, the NAF

4

had ceased to handle the kind of claim the plaintiff had brought against the defendant. *Id.* at 175. The Fifth Circuit affirmed the district court's denial of the defendant's motion to compel arbitration, explaining that the parties' contractual choice of forum was "an integral part of the agreement to arbitrate, rather than an ancillary logistical concern" that the court could not disregard or circumvent. *Id.* at 176 (quoting *Brown v. ITT Consumer Fin. Corp.,* 211 F.3d 1217, 1222 (11th Cir. 2000)).

Notwithstanding these binding precedents, and despite the fact that, under the Contract, Plaintiff agreed to arbitrate in the DIFC LCIA, not the DIAC, Defendant argues that this Court may nonetheless compel Plaintiff to arbitrate its claims against Defendant in the DIAC. *See* R. Doc. 8 at 10. The crux of Defendant's argument is that the Dubai government's decree dissolving the DIFC LCIA also "transferred the assets, rights and obligations" of the DIFC LCIA to the DIAC and "expressly states that DIFC-LCIA arbitration agreements entered into before the effective date of [the decree] are deemed valid[.]" *Id.* However, as Plaintiff states, "with all due respect to the Dubai government, it does not have the authority . . . to unilaterally change the arbitration forum agreed to by the parties" in their Contract. R. Doc. 11 at 11. As the Fifth Circuit explained, this Court "cannot rewrite the agreement of the parties and order the [arbitration] proceeding to be held" in a forum to which the parties did not contractually agree. *Nat'l Iranian Oil Co.*, 817 F.2d at 334. Nor can the Dubai government. Whatever similarity the DIAC may have with the DIFC LCIA, it is not the same forum in which the parties agreed to arbitrate. That forum is no longer available, and this Court thus cannot compel Plaintiff to arbitrate. Accordingly, no enforceable forum selection clause compels the dismissal of this case on the ground of *forum non conveniens*.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion, R. Doc. 8, is **DENIED**.

New Orleans, Louisiana, this 6th day of November, 2023.

                                                      Greg Gerard Guidry
                                          United States District Judge